IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-142-D

| | | |
|---|---|---|
| CHRISTIE M. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On January 20, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 33]. In the M&R, Judge Numbers recommended that plaintiff's motion for judgment on the pleadings be granted [D.E. 26], defendant's motion for judgment on the pleadings be denied [D.E. 30], and defendant's final decision denying the request for benefits be remanded to the Commissioner. See [D.E. 33]. On February 3, 2016, defendant filed objections to the M&R [D.E. 34]. Plaintiff did not respond to the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and defendant's objections. As for those portions of the M&R to which defendant made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

An ALJ must include a limitation in the ALJ's hypothetical to the vocational expert for "concentration, persistence, or pace" if the facts of the case indicate that such limitation is relevant. See Mascio v. Colvin, 780 F.3d 632, 637–38 (4th Cir. 2015). Where concentration, persistence, or pace are relevant to a residual functional capacity ("RFC") determination, restricting the hypothetical to "simple, routine tasks or unskilled work" is not enough to account for a claimant's

2

mental restrictions. See id. at 637 (quotation omitted). Instead, the hypothetical must also account for a claimant's "[in]ability to stay on task." Id.

Here, the ALJ's hypothetical "assume[d] that the individual . . . could perform, simple, routine, repetitive work tasks." [D.E. 21] 65. It also assumed that the individual "cannot perform fast paced or quota based work . . . [but] could occasionally interact with co-workers and supervisors and could not maintain sustained interaction with the general public." Id. The ALJ's hypothetical comports with Mascio and Lee's mental restrictions. See, e.g., Ford v. Colvin, No. 4:14-CV-79-D, 2015 WL 5008962, at *3 (E.D.N.C. Aug. 19, 2015) (unpublished); see also Russo v. Astrue, 421 F. App'x 184, 192 (3d Cir. 2011) (unpublished); Seamon v. Astrue, 364 F. App'x 243, 248 (7th Cir. 2010) (per curiam) (unpublished); Rayman v. Comm'r, No. SAG-14-3102, 2015 WL 6870053, at *2–3 (D. Md. Nov. 6, 2015) (unpublished); Gair v. Comm'r., No. SAG-14-3652, 2015 WL 5774982, at *2 (D. Md. Sept. 28, 2015) (unpublished); Belton v. Colvin, No. 1:14-CV-777, 2015 WL 5023087, at *8–9 (M.D.N.C. Aug. 24, 2015) (unpublished), adopted, 2015 WL 5712732 (M.D.N.C. Sept. 29, 2015) (unpublished). Thus, the court sustains defendant's objections to the M&R [D.E. 34].

In sum, the court SUSTAINS defendant's objections [D.E. 34] to the M&R and DECLINES to adopt the M&R's recommendation concerning Mascio. Plaintiff's motion for judgment on the pleadings [D.E. 26] is DENIED, defendant's motion for judgment on the pleadings [D.E. 30] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 29 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge